STATE v. HARTZELL, DEFENDANT.

Municipal Court, Findlay.

No. 16404. Decided May 4, 1962.

Mr. Robert G. Payne, for complaining witness.
Mr. Daniel M. Snyder, for defendant.

BOPE, J. Defendant was charged in a regular state affidavit signed by a neighbor, with unlawfully dumping rubbish on the neighbor's property, in violation of Section 2909.25, Revised Code. Defendant claimed the rubbish was blown by the wind to his land across an alley from the neighbor's lot, and he merely threw it back where he thought it came from.

Complainant's affidavit was in the form generally used to commence prosecutions for misdemeanors in violation of state laws, and was entitled "*The State of Ohio* vs. *William Hartzell*" It included an extra sentence reading, "This action is brought on behalf of Hancock County in which the offense occurred and is brought by the owner and occupant of . . . (the premises where the rubbish was placed) . . ."

Complainant asked that a forfeiture be ordered under the mentioned section, and that she be allowed her expenses for legal services rendered in the action, to be taxed as costs. Prosecution was conducted by private attorney employed or retained by the complainant, with the apparent knowledge but not at the specific request of the prosecuting attorney's office.

Objection being made to the form and sufficiency of the complaint, and to the regularity and propriety of these proceedings, it is

Held: That Section 2909.25, Revised Code, does not authorize prosecution of an offender thereunder in the name of the State of Ohio as for a misdemeanor, by a private attorney employed or retained by a complaining witness. Such prosecution is expressly forbidden by Section 2938.13, Revised Code.

Held: That the action authorized by Section 2909.25, Revised Code, notwithstanding the placement of this section by the editors of the code, is a civil action.

See 24 Ohio Jurisprudence (2d), 525 to 528, Forfeiture Proceedings, Sections 5 to 9, inclusive; Gardner's Bates Ohio Civil Practice, 5th edition, Section 186.2 and 265.1.

Case dismissed on motion for that purpose, at costs of complaining witness. No finding made on the merits.