JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Kathy Moriarty, appeals from her conviction for five counts of animal neglect. For the reasons stated herein, we affirm.
 {¶ 2} On November 16, 2006, Moriarty was charged with five counts of animal neglect in violation of City of Cleveland Ordinance Section 603.091. On the day of the jury trial, Moriarty's trial counsel orally objected to attorney J. Jeffrey Holland's proceeding as the prosecutor in the matter. The trial court overruled the objection, and the matter proceeded to a jury trial.
 {¶ 3} The evidence at trial established that Moriarty kept 1 dog and 25 cats in her residence; that her residence had an overwhelming odor of animal waste, urine, and ripe trash; and that her floor was covered with garbage and waste. The agents who executed a search warrant at Moriarty's home also observed mice scurrying into the trash, many flies, stacks of disposable cat litter containers filled with cat waste, used toilet paper, and urine kept in bottles. Also, the dog in the house exhibited major hair loss. Even Moriarty conceded that the conditions in her house were "deplorable."
 {¶ 4} Fifteen photographs were introduced that depicted the animals found on the premises and the conditions under which they were living. The photographs were of various rooms in the house that were filled with garbage, waste, and dirty pet cages and carriers. *Page 4 
 {¶ 5} Moriarty was found guilty on all five counts of animal neglect. The trial court imposed a sentence of $50 and costs on each of the first four counts, and $1,000 and 180 days in jail on the last count. The sentence was suspended, and the court placed Moriarty on one year of active probation with mentally disordered placement.
 {¶ 6} Moriarty timely filed this appeal, raising two assignments of error for our review. Her first assignment of error provides as follows:
 {¶ 7} "I: The court erred by allowing the prosecution to proceed in the person of Mr. Holland as he failed to provide the court with proof that he was authorized to prosecute for the State of Ohio without the permission of the City of Cleveland prosecutor and thereby lacked jurisdiction to proceed."
 {¶ 8} In this case, the matter was prosecuted by attorney J. Jeffrey Holland. Early in the proceedings, Holland filed a written appearance as prosecutor appointed by the county humane society for Cuyahoga County, the Cleveland Animal Protective League ("APL"), along with a copy of the APL resolution making such appointment pursuant to R.C. 2931.18.
 {¶ 9} Moriarty argues that she was improperly prosecuted by a private attorney. She relies on R.C. 2938.13, which prohibits the prosecution for the violation of a municipal ordinance "by private attorney employed or retained by a complaining witness." In support of her argument, Moriarty cites State v. Hartzell (Findlay Muni. Ct. 1962), 185 N.E.2d 88, 89 Ohio L. Abs. 191. In Hartzell, the court *Page 5 
found that a defendant charged with unlawfully dumping rubbish on the neighbor's property could not be prosecuted by a private attorney employed or retained by the complainant as such prosecution is expressly forbidden by R.C. 2938.13. Id. However, in Hartzell, the court specifically indicated that the statute under which Hartzell was charged did not authorize prosecution of an offender thereunder by a private attorney. Id.
 {¶ 10} Here, R.C. 2931.18(A) specifically authorizes the humane society to employ an attorney to prosecute violations of the law in cases relating to the prevention of cruelty to animals. The statute provides as follows:
 "2931.18. Humane society may employ attorneys
 "A humane society or its agent may employ an attorney, and may also employ one or more assistant attorneys to prosecute violations of law relating to:
 "(A) Prevention of cruelty to animals or children;"
 {¶ 11} In this case, the APL acted pursuant to R.C. 2931.18 to appoint the prosecutor in this case. Such practice has been upheld in other cases. See State v. Myers (Apr. 4, 2001), Medina App. No. 3078-M;State v. Hafle (1977), 52 Ohio App.2d 9. To the extent that any conflict is perceived between the above statutes, the rules of statutory construction provide that when statutes conflict, the more specific provision controls over the more general provision. R.C. 1.51. Moriarty also claims that it was improper for the prosecution of this matter to proceed without authorization from the Cleveland City Prosecutor. Although R.C. 2931.18 imposes *Page 6 
no such requirement, the state did present a letter to the court from the Cleveland City Prosecutor that consented to Holland's prosecuting the matter. Defense counsel stipulated to the letter's authenticity.
 {¶ 12} Accordingly, we find that the trial court did not err in refusing to disqualify the prosecutor since his appointment was specifically contemplated and provided for under R.C. 2931.18. Moriarty's first assignment of error is overruled.
 {¶ 13} Moriarty's second assignment of error provides as follows:
 {¶ 14} "II. The court erred by entering into evidence, over defense objection, cumulative and prejudicial photographs of the accused's home."
 {¶ 15} Moriarty claims that the multiple photographs introduced by the state were cumulative and that their probative value was outweighed by their prejudicial effect as they depicted her home in a gruesome fashion. We are unpersuaded by her argument.
 {¶ 16} Decisions concerning the admissibility of photographs are "left to the sound discretion of the trial court." State v. Slagle (1992),65 Ohio St.3d 597, 601. As such, a trial court's decision to admit or exclude such evidence will not be reversed "unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby." State v. Maurer (1984), 15 Ohio St.3d 239, 265, quotingState v. Hymore (1967), 9 Ohio St.2d 122, 128. *Page 7 
 {¶ 17} Our review of the photographs in this case reflects that they depicted the condition of various rooms in the house, as well as the animals that were kept there. Although some of the photographs were of the same room, they were taken from different angles of the rooms. During his testimony, Officer Jed Mignano, the chief investigator with the APL, described what the photographs depicted in Moriarty's home.
 {¶ 18} The photographs were relevant for their tendency to show the conditions present at the time of the offenses. They were both illustrative of defense testimony and had a tendency to make the prosecution's contentions more probable than they would have been without the evidence. See Evid.R. 401.
 {¶ 19} We do not find that their probative value was "substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury" or "by considerations of undue delay, or needless presentation of cumulative evidence." Evid.R. 403.
 {¶ 20} Moreover, even if there had been error with respect to their admission, any such error would have been harmless beyond a reasonable doubt because the other evidence in the record in favor of conviction was so overwhelming. "Where evidence has been improperly admitted, the admission is harmless beyond a reasonable doubt if the remaining evidence alone demonstrates overwhelming proof of defendant's guilt."State v. Dailey, Cuyahoga App. No. 89289, 2007-Ohio-6650; see, also,State v. Williams (1983), 6 Ohio St.3d 281. *Page 8 
 {¶ 21} Here, the other evidence in the record, even without the photographs, overwhelmingly demonstrated Moriarty committed the charged offenses. Accordingly, Moriarty's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR *Page 1